## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------

| | |
|---|---|
| KEITH E. SONDERLING, | : |
| ACTING SECRETARY OF LABOR, | : |
| UNITED STATES DEPARTMENT OF | : |
| LABOR, | : |
| | |
|                         Plaintiff, | :      Civil Action No. |
| | |
|     v. | : |
| | |
| DAVID KURLANSIK, KAYTON COMPANY LLC | |
| D/B/A ARMY & NAVY STORE, AND | : |
| KAYTON COMPANY PROFIT SHARING PLAN, | |
| | |
| | : |
| | |
|                    Defendants. | : |

------------------------------------------------------------------

## COMPLAINT

Keith E. Sonderling, the Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary"), hereby alleges:

### Jurisdiction and Venue

1.      This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Acting Secretary to obtain relief under Section 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in the form of equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.

2.      This Court has subject matter jurisdiction over this action under Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

1

3.    Venue with respect to this action lies in the Eastern District of Pennsylvania under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## Parties

4.    Under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), the Acting Secretary has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

5.    Kayton Company LLC, d/b/a Army & Navy Store ("Kayton Company"), is a commercial clothing and weapons store headquartered at 1045 Grape Street, Whitehall Township, Pennsylvania, which is within Lehigh County.

6.    David Kurlansik is the sole owner and chief executive officer of Kayton Company. As the owner and senior corporate officer, Mr. Kurlansik held and exercised final authority and control over Kayton Company's business activities and financial affairs, including the company's employee compensation and benefits policies.

7.    Kayton Company sponsored the Kayton Company Profit Sharing Plan ("Plan") which was established on or around December 31, 1967. Kayton Company sponsored the Plan to provide retirement benefits to its employees via discretionary employer contributions. The Plan is therefore an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is subject to coverage under Section 4(a) of ERISA, 29 U.S.C. § 1003(a). The Plan is joined as a party defendant under Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief can be granted.

8.    According to the Plan's Annual Form 5500 filing for 2020, the Plan was administered in Whitehall Township, Pennsylvania.

**The Plan and Its Fiduciaries**

9.      Kayton Company was the Plan Sponsor. It designed the Plan to be funded solely by employer contributions in the form of discretionary employer profit-sharing contributions.

10.     Kayton Company appointed itself as the Plan Administrator. While the Plan has been in existence, Kayton Company has been the sole entity appointed to act as the Plan Administrator. In that role, it held and exercised discretionary authority or discretionary control respecting the management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or had discretionary authority or discretionary responsibility in the administration of the Plan. Examples of this authority include being identified in the Plan documents as one of the Plan's "Named Fiduciaries," managing the Plan's day-to-day affairs, maintaining the Plan's records, controlling the disposition of the Plan's assets, providing forms needed for Plan participation, and communicating with Plan participants and beneficiaries regarding their Plan benefits. According to the Plan's documents, as Plan Administrator, Kayton Company had complete power to determine all questions arising in connection with the administration, interpretation, and application of the Plan. Kayton Company is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14)(A) and (C) of ERISA, 29 U.S.C. §§ 1002(14)(A) and (C).

11.     During the relevant time period,[1] Mr. Kurlansik carried out the Plan Administrator role on Kayton Company's behalf. He also served as the Plan's sole Discretionary Trustee. Through these corporate and individual roles, Mr. Kurlansik acted as one of the Plan's "Named Fiduciaries." At all relevant times, Mr. Kurlansik exercised discretionary authority or

---

[1] The "relevant time period" is defined as January 1, 2019 through the present.

3

discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or had discretionary authority or discretionary responsibility in the administration of the Plan. Examples of this authority managing the Plan's day-to-day affairs, maintaining the Plan's records, controlling the disposition of the Plan's assets, providing forms needed for Plan participation, communicating with Plan participants and beneficiaries regarding their Plan benefits, and serving as Kayton Company's liaison with third-party service providers to the Plan. As the Plan's Discretionary Trustee, Mr. Kurlansik held sole responsibility for management of the assets held under the Plan's trust. Thus, acting both as a corporate officer and as an individual trustee, Mr. Kurlansik is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A),(E), and (H) of ERISA, 29 U.S.C. §§ 1002(14)(A), (E), and (H).

**Allegations**

### A. Failure to Administer the Plan

12.  As the Plan's fiduciaries, Kayton Company's and Mr. Kurlansik's duties under ERISA included the obligation to maintain contact with the Plan's participants and beneficiaries to ensure that those individuals remained informed about their Plan benefits. If Defendants lost contact with a Plan participant or beneficiary, their fiduciary duties required them to undertake reasonable, diligent efforts to locate and re-establish contact with the missing person(s). Despite these duties, Kayton Company and Mr. Kurlansik have systematically failed to keep track of the Plan's participants and beneficiaries. Among other things, between 2019 and the present, Defendants have failed to reasonably search for missing participants and beneficiaries who are due a Plan benefit, as required both by ERISA and the Plan's written procedures. They have also

failed to update and mail out individual benefit statements to participants, a separate violation of ERISA and the Plan's terms. On information and belief, the number of "missing" Plan participants and beneficiaries exceeds forty.

13.   Because of the Company's and Mr. Kurlansik's failure to properly oversee the Plan's administration, Plan participants and beneficiaries are not able to obtain distributions from the Plan or otherwise communicate with a responsible Plan fiduciary. As of January 6, 2026, the Plan's trust contained $515,270 that belongs to 54 participants.

14.   Sections 101(b) and 104 of ERISA, 29 U.S.C. §§ 1021(b), 1024, require ERISA plan administrators to file annual reports with the Acting Secretary. These include a plan's annual Form 5500.

15.   Section 412(a) of ERISA, 29 U.S.C. § 1112(a), requires, with limited exceptions, that ERISA plan fiduciaries and others who "handle . . . funds or other property of  . . . such a plan" be bonded. Section 412(b) of ERISA, 29 U.S.C. § 1112(b), establishes, *inter alia*, that is unlawful for plan fiduciaries and others to "appl[y], to receive, handle, disburse, or otherwise exercise custody or control of any of the funds or other property of any employee benefit plan, without being bonded as required by subsection (a) . . . ."

16.   Defendants have failed to comply with these requirements. Specifically, neither Kayton Company nor Mr. Kurlansik have filed Forms 5500 on the Plan's behalf since 2021 and, during the relevant period, they failed to secure a fidelity bond for the Plan for each Plan year.

**B.  Mr. Kurlansik's Improper Plan Loan**

17.   In addition to serving as a Plan fiduciary, Mr. Kurlansik also participated in the Plan as a Kayton Company employee. Through this participation, Kayton Company made discretionary contributions to Mr. Kurlansik's individual Plan account.

18. On or around August 14, 2019, Mr. Kurlansik, acting as the Plan's Administrator and Discretionary Trustee, directed the Plan's custodian to issue a $40,000 loan to him from his Plan account at a 6.25% interest rate. The Plan's terms required Kayton Company and Mr. Kurlansik to document and handle this transaction in specific ways. Defendants disregarded these requirements; other than recording the loan amount, neither Kayton Company nor Mr. Kurlansik completed any of the loan paperwork required by the Plan's terms, including a required amortization schedule. In addition, neither Kayton Company nor Mr. Kurlansik recorded the loan as a receivable due to the Plan, and they also failed to document the issuance as a "distribution" for purposes of ERISA and the Plan.

19. Mr. Kurlansik did not repay any portion of the loan until May 14, 2025, after the Acting Secretary had identified the issue as a potential ERISA violation. During the period that the loan amount was outstanding, the Plan's trust was lessened in value because it lost investment income that it otherwise would have earned. As of December 22, 2025, the Acting Secretary determined that the accumulated value of the loan funds, had they remained invested in the Plan, was $64,139.11.

20. Mr. Kurlansik repaid $64,139.11 to the Plan's trust in May 2025. However, this repayment failed to capture the diminished value of Plan distributions that occurred between 2019 and 2025. To date, the Plan suffered a loss of at least $325 in principal on a Plan distribution that occurred in December 2022. To date, neither Kayton Company nor Mr. Kurlansik has restored this Plan loss.

## **Violations**

21. Under Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary adopts by reference the averments and allegations of paragraphs 1–20 inclusive.

22.   By the actions and conduct described above, Kayton Company and Mr. Kurlansik, acting as Plan fiduciaries;

a.   failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

b.   failed to discharge their duties with respect to the Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matter would use in the conduct of an enterprise of like character and with like aims in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

c.   failed to act in accordance with the documents and instruments governing the Plan, in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D);

d.   failed to maintain an adequate fidelity bond, in violation of Section 412(a) of ERISA, 29 U.S.C. § 1112(a);

e.   failed to file required disclosures on the Plan's behalf, in violation of Section 101(b) and 104 of ERISA, 29 U.S.C. §§ 1021(b), 1024;

f.   participated knowingly in, or knowingly undertook to conceal, acts or omissions by the other that they knew to be violations of ERISA, which renders them liable for the other's breaches of fiduciary responsibility under Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1);

g.  failed to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibilities and each enabled the other to commit breaches of ERISA, which renders them liable for the other's breaches of fiduciary responsibility under Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); and

h.  knew that the other had violated ERISA, but did not make reasonable efforts under the circumstances to remedy the other's breaches, which renders them liable for each other's fiduciary breaches under Section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

23.  As a result of the foregoing breaches, the Plan's participants and beneficiaries are entitled to equitable remedies and related relief to enforce ERISA and to also make them whole, including restoration of Plan losses arising from Defendants' fiduciary breaches, removal of Kayton Company and Mr. Kurlansik as the Plan's fiduciaries, appointment of an independent fiduciary to take charge of the Plan and administer it in accordance with ERISA, and permanent injunctive relief to bar Kayton Company and Mr. Kurlansik from violating ERISA in the future.

### Prayer for Relief

24.  WHEREFORE, the Acting Secretary prays that this Court issue an order:

a.  Ordering Kayton Company and Mr. Kurlansik, jointly and severally, to restore to the Plan all losses, including interest or lost opportunity costs and the cost of an independent fiduciary, which were caused by their fiduciary misconduct;

b.  Ordering the Plan to set off any individual account balance of Mr. Kurlansik against the amount of losses, including interest or lost

8

opportunity cost, and the cost of an independent fiduciary resulting from his fiduciary breaches, as authorized by 29 U.S.C. § 1056(d)(4), and allocating the account balance to the non-breaching participants, if the losses are not otherwise restored to the Plan by Kayton Company and Mr. Kurlansik;

c. Removing Kayton Company and Mr. Kurlansik as fiduciaries of the Plan and as fiduciaries for any other employee benefit plan for which they act in such a capacity;

d. Permanently enjoining Kayton Company and Mr. Kurlansik from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

e. Permanently enjoining Kayton Company and Mr. Kurlansik from exercising any custody, control, or decision making authority with respect to the assets of any employee benefit plan covered by ERISA;

f. Appointing an independent fiduciary with plenary authority and control over the management and administration of the Plan, including the authority to marshal assets on behalf of the Plan, to pursue claims on behalf of the Plan, and to take all appropriate actions for the administration, termination, and distribution of the Plan—including securing a fidelity bond in an amount that meets the requirements of ERISA § 412, 29 U.S.C. § 1112—with all costs to be borne by Kayton Company and Mr. Kurlansik;

g. Ordering Kayton Company and Mr. Kurlansik, their agents, employees, service providers, banks, accountants, and attorneys to provide the Acting

9

Secretary and the independent fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Acting Secretary and the independent fiduciary of all contributions to the Plan and transfers, payments or expenses incurred or paid in connection with the Plan;

h.  Barring Kayton Company and Mr. Kurlansik from engaging in any future violations of ERISA, and;

i.  Awarding the Acting Secretary the costs of this action; and other such relief as is equitable and just.

Respectfully submitted,

Mailing Address:                    **UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor            Jonathan Berry
Office of the Regional Solicitor    Solicitor of Labor
1835 Market Street
Mailstop SOL/22                     Samantha N. Thomas
Philadelphia, PA 19103              Regional Solicitor

(215) 861-5114 (voice)              Alejandro A. Herrera
(215) 861-5162 (fax)                Regional Counsel for ERISA

Ferguson.edwin.m@dol.gov            */s/ Edwin M. Ferguson*
                                    By: Edwin M. Ferguson
Date: June 5, 2026                  Senior Trial Attorney
                                    PA ID # 326670

                                    Attorneys for Plaintiff

10